UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BELL,

        Plaintiff,

vs.

        Case No. 08-CV-15030
        HON. GEORGE CARAM STEEH

FIFTH THIRD MORTGAGE,
Michigan LLC,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (#2), AND DISMISSING CLAIMS PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff William Bell filed a pro se complaint and application to proceed without prepayment of fees on December 5, 2008. The matter was reassigned from United States District Court Judge Anna Diggs Taylor to this court on December 23, 2008 as a companion case to Bell v. Fifth Third Mortgage, 08-CV-14375 (E.D. Mich 2008). Consistent with Bell's affidavit, the court is again persuaded that Bell is unable to pay the fees associated with the filing of his complaint. Bell's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Bell alleges in his most recent four-page complaint that he executed a mortgage with defendant Fifth Third Mortgage on October 14, 2005, and that Fifth Third Mortgage did not disclose the terms of the mortgage, or his rights, as required by the Uniform Commercial Code (UCC). Bell alleges that Fifth Third Mortgage "engaged in illegal subprime lending," targeting him as "a minority of low income, residing in a low income area." Bell alleges it

was "illegal" for Fifth Third Mortgage to extend credit by guaranteeing his debts. Bell alleges that Fifth Third Mortgage is not the "bona fide holder" of the instrument by which it holds possession of his residential property at 11645 Whitcomb, Detroit, Michigan, and cites Davenport v. HSBC Bank USA, 275 Mich. App. 344, 739 N.W.2d 383 (2007) for the proposition that Fifth Third Mortgage is not entitled to foreclose his property. Bell invokes the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. § 2601, et seq..

As this court explained in dismissing Bell's earlier complaint filed in Bell, 08-CV-14375:

> Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Bell's IFP claims upon determining that his claims fail to state a claim on which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). To state an actionable claim upon which relief may be granted, the claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)). The claim for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65) (citations and quotations omitted).
> Bell's federal claims, upon which federal subject matter jurisdiction is premised under 28 U.S.C. § 1331, fail to state claims upon which relief may be granted. Bell simply invokes RICO, the TILA, and RESPA, making conclusionary allegations that he is entitled to recover under these federal statutes. Bell's allegation of fraud is not pleaded with particularity. See Fed. R. Civ. P. 9(b). Bell admits he signed the [mortgage]. Bell's conclusionary allegations of fraud are not supported by factual allegations that raise his right to recovery under RICO, the TILA, or RESPA beyond speculation. Indeed, as a matter of law, violations of RESPA cannot support a finding that the subject mortgage is invalid or unenforceable. See 12 U.S.C. § 2615. Bell's allegation of "illegality" arising from an extension of credit under a mortgage is baseless. Alleged violations of the UCC raise questions of state law, not federal law. The Michigan Court of Appeals in Davenport decided a question of Michigan law arising under the foreclosure by publication provisions of Michigan statute M.C.L. § 600.3204. Davenport, 275 Mich. App. at 384 (recognizing that one who is not the record holder of a mortgage may not foreclose the mortgage under M.C.L. § 600.3204).

Bell, 08-CV-14375, October 22, 2008 Order of Dismissal, at 2-3.

Bell's instant complaint, virtually the same complaint he filed in Case No. 08-CV-14375, again fails to state a federal claim upon which relief may be granted. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Bell's federal claims must be dismissed. McGore, 114 F.3d at 612; § 1915(e)(2)(B)(ii). The court lacks subject matter jurisdiction over Bell's remaining state law claims. Accordingly,

Plaintiff Bell's federal claims as alleged in his December 5, 2008 complaint are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Bell's state law claims are hereby DISMISSED without prejudice for lack of federal subject matter jurisdiction. Plaintiff Bell is hereby forewarned that his right to proceed IFP may be forfeited in the future if he continues to file the same meritless claims.

SO ORDERED.

Dated: January 6, 2009

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---